**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CITIZENS CONCERNED ABOUT JET
NOISE, INCORPORATED, a Virginia
non-stock corporation,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 99-1887

JOHN H. DALTON, in his official
capacity as Secretary of the Navy;
UNITED STATES OF AMERICA,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CA-98-800-2)

Argued: June 7, 2000

Decided: July 19, 2000

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge,
and Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jack Elmer Ferrebee, JACK E. FERREBEE, P.C., Vir-
ginia Beach, Virginia, for Appellant. Robert Harris Oakley, Environ-

ment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Lois J. Schiffer, Assistant Attorney General, Jack Haugrud, Ellen Durkee, Andrew Mergen, Environment & Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Citizens Concerned About Jet Noise appeal the district court's summary judgment in favor of John Dalton, Secretary of the Navy ("the Navy"). We review the court's decision de novo. See Fayetteville Area Chamber of Commerce v. Volpe, 515 F.2d 1021, 1024 (4th Cir. 1975). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Citizens Concerned About Jet Noise, which is comprised of residents who live within the accident potential zones and noise corridors surrounding Oceana's Naval Air Station in Virginia Beach, Virginia, challenge the adequacy of the Final Environmental Impact Statement produced by the Navy pursuant to the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370d, and supported by an approximately 51,000 page administrative record. The Final Environmental Impact Statement was conducted to assist in the reassignment of 180 F/A-18 C/D aircraft from Cecil Air Field, Florida, which was to be closed by the end of 1999. The Navy identified five alternative realignment scenarios to be compared in the Final Environmental Impact Statement based on the three military air fields (Naval Air Station Oceana, Marine Corps Air Station Cherry Point, and Marine Corps Air Station Beaufort) determined to have the necessary capacity and infrastructure to support reassignment. The second scenario was eventually

2

selected according to which 24 aircraft were sent to Marine Corps Air Station Beaufort and 156 were sent to Naval Air Station Oceana.

Citizens Concerned About Jet Noise argue that the Final Environmental Impact Statement informing this decision was inadequate because the document did not 1) discuss an appropriate range of alternatives, 2) contain a safety analysis, 3) analyze sufficiently the impact of noise, 4) disclose known costs or identify and measure reasonably foreseeable costs, and 5) include in the cumulative effects analysis the possible future upgrade of the realigned aircraft. The latter two complaints present the most serious challenges.

Citizens Concerned About Jet Noise assert that the Navy projected enormous economic benefits for the community without assessing or disclosing known or reasonably foreseeable costs. Specifically, Citizens Concerned About Jet Noise contend that the Final Environmental Impact Statement should have included mitigation costs of sound attenuation to private residences and schools as well as the projected decrease in the value of property located within the accident potential zones.

It was not arbitrary, capricious or unreasonable for the Navy to exclude this information. See Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 354 (1989) (holding Environmental Impact Statement adequate without fully developed mitigation plan); Town of Norfolk v. EPA, 761 F. Supp. 867, 887 (D. Mass. 1991) (holding that failure to place a dollar value on possible decrease in property value was not unreasonable). The Final Environmental Impact Statement noted generally that mitigation costs would be significant. The Navy was not required to provide specific estimates because it did not have the authority to expend federal funds on improvements to state, local or private property.

Citizens Concerned About Jet Noise also dispute the adequacy of the Final Environmental Impact Statement's cumulative impact analysis. Citizens Concerned About Jet Noise assert that it was reasonably foreseeable that the Navy would be replacing the F-14 and F/A-18 C/D aircraft with F/A-18 E/F and that the Final Environmental Impact Statement did not sufficiently discuss the environmental impact of this action.

3

The Final Environmental Impact Statement noted the likely future replacement of current aircraft with the F/A-18 E/Fs. It reported some of the expected changes that could result with respect to air quality and noise impact but indicated that a more detailed analysis was not possible until the future mix of E/F and C/D models was determined. Once a schedule of replacement was formally adopted, the Navy acknowledged that another Environmental Impact Statement would be necessary.

Citizens Concerned About Jet Noise contend that the exclusion of the more detailed analysis was arbitrary and capricious because the Navy knew the replacement schedule as evidenced by programming and budgetary materials. It is undisputed, however, that at the time the Final Environmental Impact Statement was drafted, the Navy had not issued any formal proposed action to place F/A-18 E/F aircraft at Naval Air Station Oceana. Even if the Navy could have conducted a more thorough cumulative impact analysis, given that the Navy plans to develop an Environmental Impact Statement for the replacement action, it would be duplicative for this court to order it to perform a supplemental Environmental Impact Statement at this time. See North Carolina v. FAA, 957 F.2d 1125, 1131 (4th Cir. 1992).

The district court's well-reasoned opinion sufficiently discussed Citizens Concerned About Jet Noise's other challenges to the Final Environmental Impact Statement. The Navy complied with the procedural requirements of the National Environmental Policy Act; the Final Environmental Impact Statement was adequate.

AFFIRMED

4